IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRYAN REDDY, et al.,**

      **Plaintiff,**

v.                                           **Civil Action 2:25-cv-455**
                                                **District Judge Edmund A. Sargus**
                                                **Magistrate Judge Kimberly A. Jolson**

**AMERICAN EXPRESS NATIONAL**
**BANK, et al.,**

      **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (Doc. 1). For the following reasons, the Undersigned **RECOMMENDS** the Motion be **DENIED**.

Plaintiffs Bryan Reddy, Bryan VaShaun Reddy Living Estate, and BeeTrans LLC seemingly bring this action against American Express National Bank; Stephen J. Squeri; Zwicker & Associates, P.C.; and Christophe Le Caillec. (Doc. 1 at 1; Doc. 1-1 at 1; Doc. 1-3 at 2). In their initial filing, Plaintiffs represent that this a removal action from the Franklin County Municipal Court. (Doc. 1-1 at 1). However, the dockets of the cited state court cases do not show that these cases were properly removed. *See Am. Express Nat. Bank v. Reddy, et al.*, No. 2025 CVF 016138 (Franklin Cnty. Mun. Ct. Apr 3. 2025); *Am. Express Nat. Bank v. Reddy*, No. 2025 CVF 018526 (Franklin Cnty. Mun. Ct. Apr. 18, 2025).

In the Motion for *in forma pauperis* status, Plaintiff Bryan Reddy provides little information on his salary and monthly expenses, though he says he is "a Minister of United Peace Affiliates North." (Doc. 1 at 2 ("I don't have a paycheck. I am the Trustee." (cleaned up)).

However, he does say that he has $2,500 in cash-on-hand or in a bank account. (*Id.* at 3). Further, he says that his spouse makes at least $2,000 per month. (*Id.* at 2).

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless the one-time payment of the court's filing fee clearly will render the plaintiff unable to provide for herself, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

As noted, Plaintiff Bryan Reddy says he has $2,500 in the bank, and his spouse makes over $2,000 a month. (Doc. 1 at 2–3). Plus, Plaintiff is seemingly employed, though he did not list his salary in the Motion. (*Id.* at 2). Based on these representations, it does not appear that paying the one-time filing fee would cause Plaintiff Reddy to be deprived the necessities of life. *See Adkins*, 335 U.S. at 339; *see also Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons . . . who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee"). Accordingly, it is **RECOMMENDED** that his Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be **DENIED**.

Turning to Plaintiffs Bryan VaShaun Reddy Living Estate and BeeTrans LLC, neither a trust nor a limited liability corporation can proceed *in forma pauperis*. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993) ("[O]nly a natural person may qualify for treatment *in forma pauperis* under 28 U.S.C. § 1915(a)."). Therefore, to the extent that the Motion requests such status for these Plaintiffs, the Undersigned **RECOMMENDS** the Motion be **DENIED**. (Doc. 1).

If this recommendation is adopted, the Undersigned **RECOMMENDS** that Plaintiffs be required to pay the filing fee **within seven (7) days of adoption**.

But there is another wrinkle. Trusts and corporations cannot proceed *pro se*. Nor can Plaintiff Bryan Reddy, who is not an attorney, represent these types of entities in federal court. (Doc. 1 at 2 (saying Plaintiff Reddy is a minister)). Trusts and limited liability corporations may proceed in federal court only through licensed counsel. *See Williams Huron Gardens 397 Tr. v. Twp. of Waterford*, No. 18-12319, 2019 WL 2051967, at *3 (E.D. Mich. Feb. 28, 2019) ("[T]he consensus among courts is that trusts must be represented by an attorney." (citing *Rowland*, 506 U.S. at 210–12)); *Edgar v. Westchester Parkway Consulting LLC*, No. 2:21-cv-533, 2023 WL 6520357, at *1 (S.D. Ohio Sept. 11, 2023) (saying LLCs cannot proceed *pro se*) (collecting cases), *report and recommendation adopted*, No. 2:21-cv-533, 2023 WL 6517541 (S.D. Ohio Oct. 5, 2023).

Therefore, the Undersigned **GRANTS** Plaintiffs Bryan VaShaun Reddy Living Estate and BeeTrans LLC **thirty (30) days from the date of this Order** to obtain and have counsel appear on their behalf. Failure to do so will result in a recommendation that this case be dismissed as to these Plaintiffs for failure to prosecute.

3

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:   April 29, 2025                                                  /s/ Kimberly A. Jolson
                                                                        KIMBERLY A. JOLSON
                                                                        UNITED STATES MAGISTRATE JUDGE