**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRYAN REDDY,** *et al.*,

      **Plaintiffs,**

   **v.**                              **Case No. 2:25-cv-455**
                                        **Judge Edmund A. Sargus, Jr.**
**AMERICAN EXPRESS NATIONAL**      **Magistrate Judge Kimberly A. Jolson**
**BANK,** *et al.*,

      **Defendants.**

## <u>ORDER</u>

This matter is before the Court regarding an Instrument of Special Deposit (ECF No. 16) and a Judicial Notice to Chambers and Final Demand for Equitable Custody (ECF No. 17) filed by Plaintiff Bryan Reddy. On July 14, 2025, the Court denied Mr. Reddy's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) and ordered him to pay the filing fee within seven days. (ECF No. 15.) The Court warned Mr. Reddy that failure to timely pay the filing fee may result in dismissal of all his claims. (*Id.*, PageID 224–25.)

On July 25, 2025, Mr. Reddy filed an Instrument of Special Deposit (ECF No. 16) with the Court purporting to tender $100,000 "drawn directly from the master equity instrument on file with the public record" in the Cobb County, Georgia Superior Court, Real Estate Division. (*Id.*) On July 30, 2025, he filed a "Private Bill of Exchange" (ECF No. 17) in the amount of $1,670,000 and asked the Court "to accept and hold the enclosed Bill of Exchange in Chambers under Seal, in compliance with its fiduciary obligation and the sacred nature of the trust estate." (*Id.*, PageID 229–30.)

The Clerk of Court contacted the Cobb County, Georgia Superior Court, which reported that no money was held in any such account as described by Mr. Reddy. It appears Mr. Reddy may

have deliberately filed false financial documents with this Court.

Rule 11(b) of the Federal Rules of Civil Procedure provides that by presenting a paper to the Court:

> [A]n attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

Fed. R. Civ. P. 11(b). If the Court determines that subsection (b) has been violated, and after notice and a reasonable opportunity to respond, the Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The nature of the sanction may include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Conduct by *pro se* litigants can be sanctionable: "Even *pro se* litigants, regardless of their level of legal sophistication, may not disregard the law or engage in abusive conduct." *Jamar-Mamon X v. Univ. of Cincinnati*, No. 1:24-CV-484, 2024 WL 4878829, at *5 (S.D. Ohio Nov. 25, 2024) (Barrett, J.) (citing *Givens v. Criswell*, No. 5:08-CV-25, 2010 WL 10862445, at *2–3 (N.D. W. Va. June 24, 2010)).

Mr. Reddy may have submitted fraudulent financial documents to bypass the requirement to pay the filing fee. Such conduct may be sanctionable under Rule 11(b), as Mr. Reddy may have

filed a paper with the Court for an improper purpose.

Accordingly, the Court **STRIKES** Mr. Reddy's financial documents (ECF No. 16; ECF No. 17) and **ORDERS** Mr. Reddy to **STOP FILING** false financial documents with the Court. The Court **ORDERS** Mr. Reddy to **SHOW CAUSE within 10 days of this Order** regarding why the Court should not impose sanctions on him under Rule 11. Mr. Reddy is notified that if the Court concludes his conduct was sanctionable, the Court may impose monetary and nonmonetary sanctions on him. The Court again **ORDERS** Mr. Reddy to pay the filing fee **within 10 days of this Order**. Failure to pay the filing fee will result in dismissal of all Mr. Reddy's claims.

This case remains open.

**IT IS SO ORDERED.**

**8/8/2025**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                        **EDMUND A. SARGUS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**