IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRYAN REDDY, et al.,**

        **Plaintiffs,**

  v.                                  **Civil Action 2:25-cv-455**
                                        **District Judge Edmund A. Sargus**
                                        **Magistrate Judge Kimberly A. Jolson**

**AMERICAN EXPRESS NATIONAL BANK, et al.,**

        **Defendants.**

## ORDER

Plaintiffs' Motions to Seal the Record (Docs. 6, 11) are before the Court. These Motions are very similar to a previous motion to seal Plaintiffs filed in this case. (*Compare* Doc. 2 *with* Docs. 6, 11). On April 29, 2025, the Court denied the first motion to seal because Plaintiffs failed to make the proper showing to seal court documents under *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). (Doc. 4).

Plaintiffs' instant Motions fail for the same reason. In both, Plaintiffs do not even attempt to apply *Shane Group*'s standard. (Docs. 6, 11). Construing the filings very liberally, it appears Plaintiffs want to seal the record in this case because the allegations concern finances and property. (Doc. 6 at 1; Doc. 11 at 1). However, as the Court has told Plaintiffs before, the public has a right to access the Court's records, and that right is not limited by a party's conclusory wishes. *See, e.g.*, *Grae v. Corr. Corp. of Am.*, __ F.4th __, 2025 WL 1132413, at *3 (6th Cir. 2025) (saying "a party's mere assertion of its interest in confidentiality" is not enough to warrant sealing court records); *Shane Grp., Inc.*, 825 F.3d at 308 ("[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),

is typically enough to overcome the presumption of access." (quotation omitted)); Fed. R. Civ. P. 5.2 (allowing for very limited redactions in court filings).  If Plaintiffs wish to seal documents in this case, they must analyze "document-by-document, line-by-line" whether the materials meet the standard for sealing or redaction set out in *Shane Group*.  *Shane Grp., Inc.*, 825 F.3d at 305–306.

Because Plaintiffs have not done so here, the Motions (Docs. 6, 11) are **DENIED**.  The Court also **WARNS** that if Plaintiffs continue to file repetitive motions, the Court will strike the duplicative motions from the public docket and will not consider them.

On a final note, the Motions seemingly ask the Court to assign the costs of this action to Defendants.  (Doc. 6 at 3; Doc. 11 at 2–3).  Plaintiffs provide no legal basis for the request.  (*Id.*).  But at the time Plaintiffs filed the Motions, the Undersigned had recommended denying Plaintiffs' motion for leave to proceed *in forma pauperis*.  (Doc. 3 (adopted by Doc. 15)).  Therefore, the Court construes Plaintiffs' Motions as requesting that Defendants be directed to pay the filing fee on Plaintiffs' behalf.  (Doc. 6 at 3; Doc. 11 at 2–3).  However, on August 12, 2025, Plaintiffs paid the full filing fee to initiate this action.  (Doc. 19).  In other words, it appears that these requests concerning Defendants are now moot.  Accordingly, the Court **DENIES** them as such.

IT IS SO ORDERED.

Date:  August 14, 2025　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE