UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRYAN REDDY**, *et al.*,

    **Plaintiffs**,

    v.

**AMERICAN EXPRESS NATIONAL BANK**, *et al.*,

    **Defendants.**

Case No. 2:25-cv-455
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Defendant American Express National Bank's ("AMEX") Motion to Remand (ECF No. 14), the Court's Show Cause Order (ECF No. 18), Mr. Reddy's Response to Order to Show Cause (ECF No. 24), and various miscellaneous motions filed by Mr. Reddy (ECF Nos. 7, 8, 10, 12, 27).

For the reasons stated in this Opinion and Order, the Court **GRANTS** AMEX's Motion to Remand (ECF No. 14), **DENIES as moot** Mr. Reddy's various miscellaneous motions (ECF Nos. 7, 8, 10, 12, 27), and **DECLINES** to impose sanctions on Mr. Reddy under Federal Rule of Civil Procedure 11.

## BACKGROUND

AMEX brought the following cases for one count each of breach of contract against Mr. Reddy in the Franklin County, Ohio Municipal Court: No. 25 CVF 016138 (also against BeeTrans LLC), No. 25 CVF 018526, and No. 25 CVF 022692 (also against BeeIn Kicks LLC). (*See* ECF No. 14, PageID 211–220.) In those state court cases, AMEX seeks damages, respectively, of $4,457.80, $5,206.53, and $5,441.54. (*Id.*)

On April 28, 2025, Mr. Reddy, proceeding *pro se*, filed a Motion for Leave to Proceed *in*

*forma pauperis* (ECF No. 1) and a Notice of Removal naming as removed the state court cases numbered 25 CVF 016138 and 25 CVF 018526. (ECF No. 1-1, PageID 9.) Mr. Reddy did not file a notice of removal regarding the case numbered 25 CVF 022692, so that state court case is not before the Court.

Mr. Reddy also filed a Complaint in the same proceeding naming as the Plaintiff the "Bryan Vashaun Reddy Living Estate, by its Grantee and Direct Beneficiary, Minister Bryan-Vashaun: Reddy." (ECF No. 3, PageID 13.) He names as Defendants Stephen J. Squeri (CEO of AMEX), Christophe LeCaillec (CFO of AMEX), and Zwicker & Associates, P.C. (counsel for AMEX), claiming breach of fiduciary duty, "constructive trust and lien enforcement," and "equity enforcement and quiet title." (ECF No. 3, PageID 15.) The Court's caption names as Plaintiffs Mr. Reddy, BeeTrans LLC, and Bryan VaShaun Reddy Living Estate, and names as Defendants AMEX, Mr. Squeri, Mr. LeCaillec, and Zwicker.[1] The Court construes AMEX as first raising claims against Mr. Reddy and BeeTrans LLC (as in the state court cases numbered 25 CVF 016138 and 25 CVF 018526) and construes Mr. Reddy as subsequently raising counterclaims against Mr. Squeri, Mr. LaCaillec, and Zwicker.

Mr. Reddy filed a Motion for Temporary Restraining Order and Motion for Leave to Proceed in Equity (ECF No. 7), a Motion for Leave to Proceed in Equity (ECF No. 8), a Motion for Leave to Proceed in Equity & Motion for Temporary Injunction (ECF No. 10), a Motion for Default Judgment in Equity (ECF No. 12), and a Motion by Pro Se Litigant to Receive Service by Email Through the Electronic Case Filing System (ECF No. 27).

---

[1] The caption in this Court's case is styled according to the Mr. Reddy's Notice of Removal (ECF No. 1-1), Complaint (ECF No. 1-3), and Amended Complaint (ECF No. 22). As explained in this Opinion and Order, the Court construes Mr. Reddy's Amended Complaint as raising counterclaims against AMEX (who was the plaintiff in the state court cases) and AMEX officials.

2

On July 14, 2025, following an Order and Report and Recommendation of the Magistrate Judge (ECF No. 3) and an objection filed by Mr. Reddy (ECF No. 5), the Court denied Mr. Reddy's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) and ordered him to pay the filing fee within seven days. (ECF No. 15.) The Court warned Mr. Reddy that failure to timely pay the filing fee may result in dismissal of all his claims. (*Id.*, PageID 224–25.)

On July 25, 2025, Mr. Reddy filed an Instrument of Special Deposit (ECF No. 16) purporting to tender $100,000 "drawn directly from the master equity instrument on file with the public record" in the Cobb County, Georgia Superior Court, Real Estate Division. (*Id.*) On July 30, 2025, he filed a "Private Bill of Exchange" (ECF No. 17) in the amount of $1,670,000 and asked the Court "to accept and hold the enclosed Bill of Exchange in Chambers under Seal, in compliance with its fiduciary obligation and the sacred nature of the trust estate." (*Id.*, PageID 229–30.)

The Clerk of Court contacted the Cobb County, Georgia Superior Court, which reported that no money was held in any such account as described by Mr. Reddy. (ECF No. 18, PageID 234.) Accordingly, the Court found that "Mr. Reddy may have deliberately filed false financial documents with this Court." (*Id.*, PageID 234–35.) On August 8, 2025, the Court struck Mr. Reddy's documents (ECF Nos. 16, 17) and ordered him to show cause "regarding why the Court should not impose sanctions on him under [Federal Rule of Civil Procedure 11]." (ECF No. 18, PageID 236.) The Court again ordered him to pay the filing fee. (*Id.*)

Mr. Reddy paid the $405 filing fee on August 12, 2025. (ECF No. 19.) On August 18, he filed a Response to the Order to Show Cause, in which he reasserts the veracity of his purported financial documents. (ECF No. 24, PageID 281–82.) Mr. Reddy argues he should not be sanctioned because he paid the filing fee and relied in good faith on the Clerk of Court's statement that he

3

was permitted to file a Bill of Exchange. (*Id.*, PageID 281.) He also provided the Court an "Affidavit of Ownership and Control," an "Affidavit of Ownership of Certificate of Title & Registered Securities," and a "Certificate of Fiduciary Authority" purporting to be trust instruments of the "Bryan VaShaun Reddy Living Estate" for the Court's *in-camera* review. (*See* ECF Nos. 25, 26.) The Court reviewed these documents, which were marked as not to be filed on the Court's docket. (*See* ECF No. 25.)

AMEX filed a Motion to Remand, arguing this Court does not have subject matter jurisdiction over this case. (ECF No. 14.) Mr. Reddy did not directly respond to AMEX's Motion.

Mr. Reddy filed an Amended Complaint against Mr. Squeri, Mr. LeCaillec, and Zwicker again claiming breach of fiduciary duty, constructive trust and lien enforcement, and equity enforcement and quiet title. (ECF No. 22.) He again named as the Plaintiff the "Bryan Vashaun Reddy Living Estate." (*Id.*)

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a defendant may remove a case from state court to federal court if the court has original jurisdiction over the case. Original jurisdiction under § 1441 primarily comes in two flavors: where there is diversity of citizenship between the parties and where the complaint presents a federal question. *See* 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party that removed the case to federal court bears the burden of establishing federal subject matter jurisdiction." *Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008).

## ANALYSIS

4

The Court first decides AMEX's Motion to Remand to state court and then addresses Mr. Reddy's response to the Court's Show Cause Order.

## I. Subject Matter Jurisdiction

On the civil cover sheet filed concurrently with the Notice of Removal, Mr. Reddy indicated that the basis of this Court's jurisdiction was federal question jurisdiction. (ECF No. 1-2, PageID 10.) Mr. Reddy does not argue that the Court has diversity jurisdiction. The Court concludes that it lacks subject matter jurisdiction over this matter because Mr. Reddy has not met his burden of showing this Court's federal question jurisdiction or diversity jurisdiction over this matter.

### A. Federal Question Jurisdiction

Federal question jurisdiction under 28 U.S.C. § 1331 is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As the plaintiff in the state court cases, AMEX only filed state law breach of contract claims against Mr. Reddy and related defendants. To the extent Mr. Reddy and the Plaintiff entities assert federal law counterclaims against various AMEX officials in the Amended Complaint, the counterclaims fail to confer federal question jurisdiction over this matter. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007) ("[I]t is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986))).

Accordingly, Mr. Reddy has not met his burden to show federal question jurisdiction in this case.

### B. Diversity Jurisdiction

Even though Mr. Reddy does not raise diversity jurisdiction as a basis for this Court's

5

subject matter jurisdiction on removal, generously construing the filings in his favor, the Court considers whether diversity jurisdiction exists here. It does not.

For this Court to have subject matter jurisdiction based on diversity jurisdiction, the party asserting jurisdiction (Mr. Reddy and the other Plaintiffs in this case) must show that the amount in controversy exceeds $75,000 and that the parties are completely diverse. 28 U.S.C. § 1332(a). "As a general rule, a plaintiff is the master of his or her own complaint, so a plaintiff wishing to avoid removal can sue in state court for less than the jurisdictional amount, thereby preventing removal even if the parties are diverse." *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F. Supp. 3d 743, 748 (S.D. Ohio 2022) (Cole, J.) (citing *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019)).

"[U]nder Ohio civil rules, the only statement that a plaintiff is generally allowed to make regarding alleged damages in a complaint is that the amount sought is more than $25,000." *Id.* Accordingly, "a defendant facing suit in Ohio court is free to remove an action, even if the complaint purports to limit relief to less than $75,000, so long as the defendant can assert in good faith in its removal papers that the amount in controversy in fact exceeds the jurisdictional threshold." *Id.* A party opposing jurisdiction can seek remand to state court by so moving and disputing the jurisdictional amount asserted in the removal filings. *Id.* Upon a motion to remand on that basis, the party seeking to keep the case in federal court has the burden of showing by a preponderance of the evidence that the jurisdictional amount is met. *Id.* at 748–49.

Here, Mr. Reddy did not assert an amount in controversy in his notice of removal and other filings. (*See* ECF No. 1.) Even generously construed, Mr. Reddy's Amended Complaint only asserts federal question jurisdiction and does not assert an amount in controversy or specify damages sought. (*See* ECF No. 22.) AMEX asserts that it only seeks $15,105.87 total in damages

6

from Mr. Reddy and related defendants in the three state court cases, far below the jurisdictional threshold. (ECF No. 14, PageID 208.) Notably, the $15,105.87 includes the damages sought in the third state court case, 25 CVF 22692, for which Mr. Reddy did not file a notice of removal. Mr. Reddy has not refuted that amount in controversy and has not otherwise asserted that this Court has diversity jurisdiction.

Accordingly, the Court finds that Mr. Reddy has failed to meet his burden of showing this Court has diversity jurisdiction over this matter. The Court lacks subject matter jurisdiction, and the case must be remanded to state court under 28 U.S.C. § 1447(c).

## II. Show Cause Order and Sanctions

The Court notified Mr. Reddy that he may be subject to monetary or nonmonetary sanctions under Federal Rule of Civil Procedure 11 for filing false financial documents with the Court in an apparent effort to pay the filing fee. (ECF No. 18, PageID 236.) Since then, Mr. Reddy has paid the filing fee, but he continues to assert that his "Private Bill of Exchange" is a valid financial instrument worth "$1,670,000" and that the "Special Deposit" he filed is worth "$100,000 USD" and is "tendered as trust res for fiduciary proceedings." (ECF No. 24, PageID 281.)

Federal courts, including this Court, have repeatedly rejected plaintiffs' efforts to submit private bills of exchange and similar documents to satisfy payment and debt obligations. *See Campbell v. Foursight Cap., LLC*, No. 3:25-CV-22, 2025 WL 2172546, at *3 (S.D. Ohio July 31, 2025) (Newman, J.) (collecting cases and holding "[the plaintiff's] reliance on his Bill of Exchange to satisfy his payment obligations under the Contract lack[s] merit"); *see McGee v. Nissan Motor Acceptance Corp.*, 619 Fed. App'x 555, 555 (6th Cir. 2015) ("[The plaintiff's] bill of exchange mimics those consistently rejected by other courts as worthless.").

The Court finds that Mr. Reddy's conduct in filing a Private Bill of Exchange and other

7

documents in an attempt to pay the Court's filing fee and to contest his underlying debt obligations (and his subsequent reiteration of his position after the Court struck those documents) is sanctionable under Rule 11. Even so, because Mr. Reddy subsequently paid the filing fee and because this case is being remanded for lack of subject matter jurisdiction, the Court declines to impose a sanction on Mr. Reddy.

## CONCLUSION

The Court **GRANTS** Defendant AMEX's Motion to Remand. (ECF No. 14.) This case is remanded to the Franklin County, Ohio Municipal Court, including cases numbered 25 CVF 016138 and 25 CVF 018526. Because Mr. Reddy did not file a notice of removal regarding the case numbered 25 CVF 22692, that case was never removed to this Court, and this remand order does not apply to it.

The Court **DENIES as moot** Plaintiff Bryan Reddy's Motion for Temporary Restraining Order and Motion for Leave to Proceed in Equity (ECF No. 7), Motion for Leave to Proceed in Equity (ECF No. 8), Motion for Leave to Proceed in Equity & Motion for Temporary Injunction (ECF No. 10), Motion for Default Judgment in Equity (ECF No. 12), and Motion by Pro Se Litigant to Receive Service by Email Through the Electronic Case Filing System (ECF No. 27).

The Court **DECLINES** to impose sanctions on Mr. Reddy and **ORDERS** Mr. Reddy to retrieve the documents he submitted for the Court's *in-camera* review from the Clerk's office within 10 days of this Opinion and Order. Mr. Reddy is **WARNED** that similar conduct in any future proceedings in this Court may result in sanctions.

The Clerk is **DIRECTED** to **REMAND** this case to the Franklin County Municipal Court and to close this case on the Court's docket.

**IT IS SO ORDERED.**

**8/28/2025**                                    s/Edmund A. Sargus, Jr.
**DATE**                                         **EDMUND A. SARGUS, JR.**
                                                 **UNITED STATES DISTRICT JUDGE**

9