**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRYAN REDDY,** *et al.*,

       **Plaintiffs,**

       **v.**
                                    **Case Number 2:25-cv-455**
                                      **Judge Edmund A. Sargus, Jr.**
                                      **Magistrate Judge Kimberly A. Jolson**

**AMERICAN EXPRESS NATIONAL**
**BANK,** *et al.*,

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Bryan Reddy's Motion to Vacate (ECF No. 29), Motion to Obtain Electronic Case Filing Rights (ECF No. 31), and Petition to Compel Full Accounting of Any/All Registry Deposits (ECF No. 37). For the reasons stated in this Opinion and Order, Mr. Reddy's Motions are **DENIED**.

## BACKGROUND

Defendant American Express National Bank filed three lawsuits against Mr. Reddy in the Franklin County Municipal Court for breach of contract for unpaid credit card debt. (ECF No. 14, PageID 211–16.) Mr. Reddy, proceeding *pro se*, attempted to remove the cases to this Court and filed a complaint asserting claims for breach of fiduciary duty, "constructive trust and lien enforcement," and "equity enforcement and quiet title." (ECF Nos. 1-1, 1-3, 9; *see also* ECF No. 22.)

After the Court ordered Mr. Reddy to pay the filing fee (ECF No. 15), he filed an "Instrument of Special Deposit" and a "Private Bill of Exchange" (ECF Nos. 16, 17). The Court reviewed the documents and concluded that "Mr. Reddy may have submitted fraudulent financial

documents to bypass the requirement to pay the filing fee" and struck the documents. (ECF No. 18, PageID 235–36.) Mr. Reddy then paid the $405 filing fee. (ECF No. 19.)

On August 28, 2025, this Court issued an Opinion and Order remanding the matter to the Franklin County Municipal Court. (ECF No. 28, PageID 299.) The Court concluded that it lacked subject matter jurisdiction because Mr. Reddy did not meet his burden of showing this Court's federal question jurisdiction or diversity jurisdiction over the matter. (*Id.* PageID 296–98.) The Court also considered Mr. Reddy's filing of false financial documents and found that the conduct was sanctionable under Federal Rule of Civil Procedure 11. (*Id.* PageID 298–99.) Nevertheless, the Court did not impose sanctions on Mr. Reddy but warned him that similar conduct in any future proceedings in this Court may result in sanctions. (*Id.* PageID 299.)

### ANALYSIS

On September 5, 2025, after his case had been terminated, Mr. Reddy filed a "Petition to Vacate Order of August 28, 2025, with Objections and Demand for Equity Jurisdiction." (ECF No. 29.) In the filing, he invokes the principle that *pro se* filings are to be liberally construed, repeats the same arguments from his prior filings (*see, e.g.*, ECF Nos. 1-1, 7, 8, 23, 24, 26), and requests that both the Undersigned and the Magistrate Judge recuse themselves from the case. (ECF No. 29.)

Given that this Motion was filed within 28 days of the August 28 Order, the Court construes it as a motion to alter or amend a judgment under Federal Rules of Civil Procedure 59(e). A court may grant a Rule 59(e) motion if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Mr. Reddy's Motion, even liberally construed, does not satisfy any of those requirements.

As stated above, the Court remanded the case because it lacked subject matter jurisdiction. Construed liberally, Mr. Reddy's Motion could be seen as an argument for clear error of law because he believes he has the right to "choose the jurisdiction" and the Court cannot "decide against [his] choice in jurisdiction." (ECF No. 29, PageID 301–02.) Mr. Reddy is incorrect. Subject matter jurisdiction "can never be forfeited or waived" and courts have an obligation to determine whether subject matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). What Mr. Reddy refers to as "equity jurisdiction" is not a replacement for subject matter jurisdiction. *See Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 873 (N.D. Cal. 2021) (explaining that equity jurisdiction "is not a form of federal subject matter jurisdiction"); *Rothschild El v. SoundExchange, Inc.*, No. 2:25-cv-01798-TL, 2026 WL 395321, at *3 (W.D. Wash. Feb. 12, 2026) ("Congress has not separately or specifically provided district courts with subject-matter jurisdiction that is *entirely* based upon equity."). Accordingly, the Court finds no clear error of law in its August 28 Opinion and Order.

As for recusal, Mr. Reddy requests that the Undersigned and the Magistrate Judge recuse themselves "for acts of unfairness and treating the matter as statutory." (ECF No. 29, PageID 305.) Judicial recusal is warranted if the judge's "impartiality might be reasonably questioned" and for "personal bias or prejudice." 28 U.S.C. §§ 144, 455. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality [recusal] motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Reed v. Rhodes*, 179 F.3d 453, 468 (6th Cir. 1999) (explaining that judicial disqualification "must be predicated upon extrajudicial conduct rather than on judicial conduct"). Mr. Reddy's request for recusal is based on the Court's rulings, and thus, Mr. Reddy's request is insufficient.

3

For these reasons, Mr. Reddy's "Petition to Vacate Order of August 28, 2025, with Objections and Demand for Equity Jurisdiction" is **DENIED**. (ECF No. 29.)

The Court next considers Mr. Reddy's Motion to Obtain Electronic Case Filing Rights. (ECF No. 31.) Because this case has been remanded to state court, there is no basis for Mr. Reddy to file documents on the docket or receive service electronically. Accordingly, that Motion is **DENIED**. (ECF No. 31.)

Finally, the Court addresses Mr. Reddy's "Petition to Compel Full Accounting of Any/All Registry Deposits" (ECF No. 37), in which he moves the Court to "produce, disclose, and certify all Court Registry Investment System records, CUSIP identifiers, book-entry positions, or Treasury instruments registered, invested, or held in association with [this case]." (*Id.* PageID 412.) Mr. Reddy again insists that he tendered a "Private Bill of Exchange" and an "Instrument of Special Deposit" to the Court, and "the Court became fiduciary to maintain, disclose, and account for all related proceeds, identifiers and registry activity." (*Id.* PageID 412–13.) The Court struck those documents (ECF Nos. 16, 17) after determining they were fraudulent financial documents. (ECF No. 18.) The Court retains no instruments or deposits and has no fiduciary relationship with Mr. Reddy. The Motion is **DENIED**. (ECF No. 37.)

## CONCLUSION

For the reasons stated in this Opinion and Order, Plaintiff Bryan Reddy's (ECF No. 29) Motion to Vacate is **DENIED**; (ECF No. 31) Motion to Obtain Electronic Case Filing Rights is **DENIED**; and (ECF No. 37) Petition to Compel Full Accounting of Any/All Registry Deposits is **DENIED**.

As a final note, district courts have inherent power to control their dockets. *See RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 669 (6th Cir. 2024). Because this

4

case has been remanded to state court (ECF No. 28), Mr. Reddy is **DIRECTED TO CEASE**

filing documents on the docket of this case. Any future filings by Mr. Reddy here will be

stricken.

This case remains closed.

**IT IS SO ORDERED.**

**6/23/2026**                                           **s/Edmund A. Sargus, Jr.**
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                        **UNITED STATES DISTRICT JUDGE**